1
2
3
4
5
6            NOT FOR CITATION
7        IN THE UNITED STATES DISTRICT COURT
8      FOR THE NORTHERN DISTRICT OF CALIFORNIA
9

10  JAMES ALAN BUSH,                    )
                                        )     No. C 09-01022 JF (PR)
11          Plaintiff,                  )
                                        )     ORDER OF DISMISSAL WITH
12      vs.                             )     LEAVE TO AMEND
                                        )
13                                      )
                                        )
14  SANTA CLARA COUNTY DEPT.            )
    OF CORRECTIONS, et al.,             )
15                                      )
            Defendants.                 )
16  _____       )     (Docket No. 2)

17

18          Plaintiff, a state prisoner, filed in <u>pro se</u> the instant civil rights action pursuant

19  to 42 U.S.C. § 1983.  Plaintiff has been granted leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u>

20  in a separate written order.  (<u>See</u> Docket No. 6.)  Accordingly, Docket No. 2 is

21  DISMISSED as duplicative.

22          The instant complaint was ordered served upon Defendants before the Court

23  had conducted a preliminary screening of the claims in accordance with 28 U.S.C. §

24  1915(A)(a).  Defendant Santa Clara County has filed an answer to the complaint.

25  For the foregoing reasons, the Court will dismiss the complaint with leave to amend.

26  ///

27  ///

28  ///

**United States District Court**
For the Northern District of California

Order of Dismissal with Leave to Amend
P:\PRO-SE\SJ.JF\CR.09\Bush01022_dwlta.wpd

**DISCUSSION**

A.      Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  See id. § 1915A(b)(1),(2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

B.      Plaintiff's Claims

Plaintiff alleges that during his incarceration, Defendants "refused to give Plaintiff his prescription medications."  (Compl. at 3.)  Plaintiff alleges that even with knowledge of a his worsening condition, Defendants "continued to refuse proper care and treatment, thereby subjecting Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights, guaranteed him by the Eighty Amendment."  (Id.)  Plaintiff claims that he has suffered "great physical and emotional pain and suffering."  (Id.)  Plaintiff seeks injunctive relief and damages.

Plaintiff has named the Santa Clara County Department of Corrections and the Santa Clara Valley Health & Hospital Systems as Defendants in this action.  Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort, see Monell v. Dep't of Social

United States District Court

For the Northern District of California

Servs., 436 U.S. 658, 690 (1978);[1] however, a city or county may not be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior, see Board of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997); Monell, 436 U.S. at 691; Fuller v. City of Oakland, 47 F.3d 1522, 1534 (9th Cir. 1995). To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation. See Plumeau v. School Dist. #40 County of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997). Plaintiff's allegations are insufficient to show that Santa Clara County is subject to Monell liability.

Plaintiff will be given leave to amend to cure the deficiencies described above. Plaintiff may also attempt to name individual defendants, stating specific facts as to each individual defendant's conduct that proximately caused a violation of his rights. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988)

### CONCLUSION

1.     The complaint is DISMISSED with leave to amend within **thirty (30) days** from the date this order is filed to cure the deficiencies described above. The amended complaint must include the caption and civil case number used in this order (09-01022 JF (PR)) and the words FIRST AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the previous complaints, Plaintiff must include in his amended complaint all the claims he wishes to present and all of the defendants he wishes to sue. See Ferdik v. Bonzelet, 963

---

[1] Local governing bodies therefore may be sued directly under § 1983 for monetary, declaratory or injunctive relief for the violation of federal rights. See Monell, 436 U.S. at 690. They are absolutely immune from liability for punitive damages under § 1983, however. See City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981).

**United States District Court**

For the Northern District of California

1   F.2d 1258, 1262 (9th Cir. 1992).  Plaintiff may not incorporate material from the

2   prior complaint by reference.  **Failure to file an amended complaint in**

3   **accordance with this order will result in dismissal of this action without further**

4   **notice to Plaintiff.**

5        2.      It is Plaintiff's responsibility to prosecute this case.  Plaintiff must

6   keep the Court informed of any change of address by filing a separate paper with the

7   clerk headed "Notice of Change of Address."  He must comply with the Court's

8   orders in a timely fashion or ask for an extension of time to do so.  Failure to comply

9   may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure

10  41(b).

11        3.      The Clerk shall serve a copy of this order on Defendants.

12   This order terminates Docket No. 2.

13   IT IS SO ORDERED.

14  DATED: _____7/9/09_____

15                  JEREMY FOGEL
                         United States District Judge

# UNITED STATES DISTRICT COURT

## FOR THE

## NORTHERN DISTRICT OF CALIFORNIA

JAMES A. BUSH,

               Plaintiff,

   v.

SANTA CLARA COUNTY DEPT. OF
CORRECTION, et al.,

               Defendants.
_____/

Case Number: CV09-01022 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on _____7/17/09_____, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

James Alan Bush DWF967-08086698
Santa Clara County Jail
885 N. San Pedro Avenue
San Jose, CA 95110

Dated: _____7/17/09_____

                                 Richard W. Wieking, Clerk